IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| INNOVATIVE AUTOMATION LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC.; AUDIBLE, INC.;<br>  and ON-DEMAND PUBLISHING LLC<br>  d/b/a CREATESPACE,<br><br>    Defendants. | Case No. 6:12-cv-00881-LED-JDL<br><br>JURY |

**INNOVATIVE AUTOMATION'S MOTION TO COMPEL DOCUMENT
<u>PRODUCTION FROM DEFENDANTS</u>**

This is a motion to compel Defendants Amazon.com, Inc., Audible, Inc., and On-Demand Publishing LLC to produce documents from prior patent litigation involving the same products that are accused of infringing Plaintiff's patents. The production of the requested documents should be compelled because they are relevant to key issues in this case.

Statement of Facts

Plaintiff owns United States Patent No. 7,174,362 C1, entitled "Method and System for Supplying Products from Pre-Stored Digital Data in Response to Demands Transmitted via Computer Network" (the "'362 patent"), and United States Patent No. 7,392,283, entitled "Method and System for Supplying Products from Pre-Stored Digital Data in Response to Demands Transmitted Via Computer Network" (the "'283 patent").[1] Each of the Patents-in-Suit generally describes and claims a system and computer-implemented method of digital data duplication utilizing a computer network.

Amazon provides, *inter alia*, the following products and services to consumers: (a) the Amazon Kindle contention distribution product and service; (2) the Amazon Cloud Player product and service; (3) the Audible audiobook product and service, which is provided through Amazon's wholly-owned subsidiary Audible; and (4) the On-Demand CD and DVD duplication product and service, which is provided through Amazon's wholly-owned subsidiary On-Demand. On May 13, 2013, Plaintiff served its infringement contentions on Defendants, which identify these products and services (the "Accused Products") as the accused products that infringe the Patents-in-Suit. (*See* McCrary Decl., Ex. D.)

Defendants have been involved in a number of patent lawsuits involving the Accused Products. Based on a review of public records, it is likely that Defendants have produced (or will produce) information (including documents, discovery responses,

---

[1] The '283 patent and the '362 patent are referred to collectively herein as the "Patents-in-Suit."

briefing and declarations, and testimony) in those lawsuits that is directly relevant to this litigation.

In order to streamline and accelerate the discovery process, Plaintiff sent a letter to each Defendant on June 21, 2013 requesting that the Defendants produce these documents. (*See* McCrary Decl., Exs. A, B, and C.) The letters identify the lawsuits at issue, and group them into two categories: (i) those that involved the same data duplication features of the Accused Products (the "Highly Relevant Lawsuits"); and (ii) those that involved the same Accused Products, but not necessarily the same data duplication features (the "Relevant Lawsuits"). (*Id.*) Plaintiff identified five Highly Relevant Lawsuits, and seven Relevant Lawsuits.[2] (*Id.*) For the Highly Relevant Lawsuits, Plaintiff requested that the Defendants produce the following documents:

> (a) All discovery responses served by [Defendants], including initial disclosures, responses to requests for admission, responses to interrogatories, and responses to requests for production;
>
> (b) All deposition notices served on [Defendants];
>
> (c) All documents produced by [Defendants];
>
> (d) All non-public briefs filed by [Defendants] (including declarations and all exhibits); and
>
> (e) All transcripts of depositions and in-court testimony of [Defendants'] witnesses, including [Defendants'] employees, officers, and independent contractors.

(McCrary Decl., Exs. A, B, and C.) For the Relevant Lawsuits, Plaintiff requested that Defendants produce "all discovery *requests* served on [Defendants], including requests for admission, interrogatories, requests for production, and deposition notices." (*Id.* (emphasis added).)

---

[2] Plaintiff is no longer requesting documents from *Clouding IP LLC v. Amazon Web Services LLC and Amazon.com, Inc.*, Case No. 1:12-cv-00641-LPS, in the U.S. District Court for the District of Delaware (Wilmington) or *Cyberfone Systems LLC v. Amazon.com, Inc., et al.*, Case No. 1:11-cv-00831-SLR, in the U.S. District Court for the District of Delaware (Wilmington).

3

During the parties' meet and confer regarding this issue, the Defendants stated that they would not produce the documents and requests from the prior litigation. (*See* Certificate of Conference, *infra*.) With respect to the Highly Relevant Documents category, the Defendants asserted that the accused technology in those cases is too different from the accused technology in this case. (*Id.*) For the Relevant Documents category, the Defendants stated that (a) discovery requests are not discoverable from the Defendants because they are not business records; and (b) Plaintiff should subpoena the non-parties who served the requests in the prior lawsuits to get them. (*Id.*) Plaintiff offered to compromise by agreeing to initially seek only the production of document *requests* from both categories of lawsuits, but the Defendants rejected the offer. (*Id.*)

### Argument

Pursuant to Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." FED. R. CIV. PRO. 26. "[R]elevant discovery in a patent infringement suit includes discovery relating to the technical operation of the accused products, as well as the identity of and technical operation of any products reasonably similar to any accused product." *Blackboard, Inc. v. Desire2Learn, Inc.*, 9:06-CV-00155-RHC, 2007 WL 3389968 (E.D. Tex. Nov. 14, 2007) (quoting *EpicRealm Licensing, LLC v. Autoflex Leasing, Inc.*, 2:05-CV-163DFCMC, 2007 WL 2580969 at * 11 (E.D.Tex. Aug. 27, 2007) (holding that the "scope of discovery may include products and services (in this case, websites and systems) 'reasonably similar' to those accused in the PICs.")).

Here, the documents requested by Plaintiff are highly relevant to this litigation. Each of the Highly Relevant Lawsuits involved not only the same Accused Products, but also involved the same digital data duplication *feature* of the Accused Products (i.e., the

4

feature described in the Patents-in-Suit). Accordingly, it is highly probable that the vast majority of Defendants' document productions, interrogatory responses, responses to requests for admission, deposition testimony, and declarations in those cases will contain information relevant to the instant lawsuit. These materials should be produced. *See Alloc, Inc. v. Unilin Beheer B.V.*, 03-C-1266, 2006 WL 757871 (E.D. Wis. Mar. 24, 2006) (ordering defendant to produce material from a prior patent case against it where the prior case involved the same products at issue as the instant action).

Plaintiff believes it is entitled to seek production of all documents from the Relevant Lawsuits because, like the Highly Relevant Lawsuit, they involve the same Accused Products. *See, e.g.*, *Alloc*, 2006 WL 757871. However, in an effort to reduce the burden on Defendants, Plaintiff is initially seeking only the production of discovery *requests* from the Relevant Lawsuits. Once Defendants produce the requests, Plaintiff will review them in order to identify the specific documents/responses that are likely to be relevant to the lawsuit.

To assist the Court in evaluating the relevance of the Highly Relevant Lawsuits to the instant case, Plaintiff has prepared a table identifying the lawsuits, the accused instrumentalities, the asserted patent(s), and a description of the patent(s). (*See* Table A, below.) With respect to the Relevant Lawsuits, Plaintiff has prepared a table identifying the lawsuits and the respective accused instrumentalities and asserted patents. (*See* Table B, below.)

A production of the requested documents would reduce time and costs for Plaintiff, the Court, and even the Defendants. First, the production of the requested deposition transcripts will potentially save many hours of deposition testimony, and may even enable some witnesses to avoid deposition altogether. Further, Defendants can swiftly and simply produce the documents that they have previously reviewed for relevance, privilege, and confidentiality, without the necessity of a re-review. The

production of these documents will potentially save many hours of additional document review and production time.

The Defendants have argued that the discovery requests served on them in the Relevant Lawsuits are not discoverable because they are not "business records." (*See* Statement of Facts, *supra*.) The Defendants have also argued that Plaintiff should be required to subpoena the parties who served the document requests in order to get them. (*See id.*) The Defendants are wrong on both counts. Parties are obligated to produce all relevant and responsive documents in their possession, custody, and/or control, which includes the legal right to control or obtain any documents. *See e.g.*, *Enron Corp. Sav. Plan v. Hewitt Assocs., L.L.C.*, 258 F.R.D. 149, 164 (S.D. Tex. 2009) (*citing Tomlinson v. El Paso Corp.*, 245 F.R.D. 474, 476 (D. Colo. 2007) (Rule 34 permits a party seeking production of documents to require production of documents not in the actual possession of the opposing party if the opposing party has retained any right or ability to influence the nonparty possessing those documents)); *see also In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 236 F.R.D. 177, 180 (S.D.N.Y. 2006) (citing 8A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2210 (2005) ("If the producing party has the legal right or the practical ability to obtain the documents, then it is deemed to have 'control,' even if the documents are actually in the possession of a non-party.") There is no "business records" exception to this general rule. Accordingly, Plaintiff should not be required to subpoena various third parties in order to obtain these highly relevant documents, which the Defendants can easily obtain from their counsel.

## Conclusion

Because the requested documents and requests are: (1) relevant to issues in this case, including Defendants' infringement of the Patents-in-Suit and the structure and operation of the Accused Products; and (2) an efficient and cost-effective method for discovery, Plaintiff respectfully requests that the Court grant its motion to compel.

| TABLE A – HIGHLY RELEVANT LAWSUITS | | | |
|---|---|---|---|
| Case(s) | Accused Instrumentality as Identified in the Complaint | Asserted Patent(s) | Description |
| *GPNE Corp. v. Amazon.com, Inc., et al.*, Case No. 1:11-cv-00426-SOM-RLP, in the U.S. District Court for the District of Hawaii<br><br>*GPNE Corp. v. Amazon.com, Inc., et al.*, Case No. 5:12-cv-03055-LHK, *in the U.S. District Court for the Northern District of California (San Jose)* | Amazon's e-readers including the Kindle | • U.S. Patent No. 7,555,267, "Network Communication System Wherein a Node Obtains Resources For Transmitting Data By Transmitting Two Reservation Requests"<br>• U.S. Patent No. 7,570,954, "Communication System Wherein a Clocking Signal From a Controller, a Request from a Node, Acknowledgement of the Request, and Data Transferred from the Node are all Provided on Different Frequencies, Enabling Simultaneous Transmission of the Signals"<br>• U.S. Patent No. 7,792,492, "Network Communication System With an Alignment Signal to Allow a Controller to Provide Messages to Nodes and Transmission of the Messages over Four Independent Frequencies" | The '492 patent abstract: "A communication system with at least one controller and a plurality of nodes provides a procedure to enable the controller to connect and send messages to individual nodes to establish and maintain a communication link. The controller further receives an indication from the node when termination of receipt of a message from the controller by the node has occurred. The controller transmits connection information to a node to establish a communication path over which the controller can transmit a message to the node when the controller has information to send. A communication message can be sent by the controller, for example, when a node wanders into its control area to enable a communication link to be established." |
| *Sharing Sound, LLC v. Amazon.com, Inc.*, Case No. 2:10-cv-00155-DF, in the U.S. District Court for the Eastern District of Texas (Marshall) | The Amazon.com website, which distributes one or more forms of music, videos, games and or textual media components or products over the internet | U.S. Patent No. 6,233,682, "Distribution of Musical Products by a Web Site Vendor Over the Internet" | The '682 patent abstract: "The system and method permit the purchase of audio music files over the Internet. The PC user logs onto the vendor's web site and browses |

| | | | |
|---|---|---|---|
| | | | the songs available for purchase. The songs can be arranged by artist, music style, etc., as mentioned above. Further, the vendor can provide suggestions on the web site, directing the PC user to songs that might be desirable, based on that PC user's previous purchases, her indicated preferences, popularity of the songs, paid advertising and the like. If interested in a song, the PC user has the option of clicking on a song to "pre-listen" to it—hearing a 20-second clip, for example. If the PC user then wishes to purchase the song, she can submit her order by clicking on the icons located next to each song/album. The order will be reflected in the shopping basket, always visible on the screen. As the PC user selects more items, each and every item is displayed in the shopping basket. At any point in time, the PC user can review her selections, deleting items she no longer desires." |
| *Digeo Inc. v. Audible Inc.*, Case No. 2:05-cv-00464-JLR, in the U.S. District Court for the Western District of Washington (Seattle) | Audible's system of music distribution | U.S. Patent No. 5,734,823, "System and Apparatus for Electronic Communication and Storage of Information" | The '823 patent abstract: "An information distribution system, in accordance with one form of the present invention, includes a central information bank and a central transactional data base coupled to point-of-sale delivery |

| | | | |
|---|---|---|---|
| | | | systems. Information flows between each point-of-sale delivery system and the central information bank and central transactional data base via a communication network such as the telephone network, a satellite network, or any other network suitable for the transfer of information. The point-of-sale delivery systems may take one of many forms including a point of purchase delivery system, a point of rental delivery system, a "book bank" subsystem, a promotional delivery system, or any combination of such systems." |
| *Patent Harbor, LLC v. On-Demand Publishing LLC*, Case No. 6:11-cv-00538-LED-JDL | On-Demand's authoring or manufacture of the DVD and Blu-Ray discs | U.S. Patent No. 5,684,514, "Apparatus and Method for Assembling Content Addressable Video" | Claim 1 of the '514 patent:<br><br>1. An apparatus for assembling content addressable video, comprising:<br>    video storage which stores a plurality of frames of video data in storage locations having addresses, each frame defining a video image having a content for display;<br>    tag storage which stores tags for associated frames of video data in the plurality, the tags indicating the contents of the video images defined by the associated frames;<br>    processing resources, |

| | | | |
|---|---|---|---|
| | | | connected with the tag storage and the video storage, including resources that execute first program steps which assemble a content video image in response to the tags, the content video image including positions for corresponding flames of video data in the plurality; and<br><br>the processing resources including resources that execute second program steps which associate positions in the content video image with addresses of storage locations storing corresponding flames of video data. |

| TABLE B – RELEVANT LAWSUITS | | |
|---|---|---|
| Case(s) | Accused Instrumentalities as Identified in the Complaint | Asserted Patent(s) |
| *Alcatel-Lucent USA Inc. v. Newegg Inc., et al.,* Case No. 6:09-cv-00422-LED, in the U.S. District Court for the Eastern District of Texas (Tyler) | Amazon's website | • U.S. Patent No. 6,041,316, "Method and System for Ensuring Royalty Payments for Data Delivered Over a Network"<br>• U.S. Patent No. 5,649,131, "Communications Protocol"<br>• U.S. Patent No. 5,623,656, "Script-Based Data Communication System and Method Utilizing State Memory"<br>• U.S. Patent No. 5,404,507, "Apparatus and Method for Finding Records in a Database by Formulating a Query Using Equivalent Terms Which Correspond to Terms in the Input Query"<br>• U.S. Patent No. 5,350,303, "Method for Accessing Information in a Computer"<br>• U.S. Patent No. 5,509,074, "Method of Protecting Electronically Published Materials Using Cryptographic Protocols" |
| *Bedrock Computer Tech., LLC v. AOL LLC, et al.,* Case No. 6:09-cv-00269-LED -JDL, in the U.S. District Court for the Eastern District of Texas (Tyler) | Amazon's website | U.S. Patent No. 5,893,120, "Methods and Apparatus for Information Storage and Retrieval Using a Hashing Technique with External Chaining and On-the-Fly Removal of Expired Data" |
| *B.E. Tech., L.L.C. v. Amazon Digital Services, Inc.,* Case No. 2:12-cv-02767-JPM-tmp, in the U.S. District Court for the Western District of | Amazon's Kindle products | U.S. Patent No. 6,771,290, "Computer Interface Method and Apparatus with Portable Network Organization System and |

11

| | | |
|---|---|---|
| Tennessee (Memphis) | | Targeted Advertising" |
| *Droplets, Inc. v. Amazon.com, Inc., et al.*, Case No. 2:11-cv-00392-MHS-CMC, in the U.S. District Court for the Eastern District of Texas (Marshall)<br><br>*Droplets, Inc. v. Amazon.com, Inc., et al.*, Case No. 5:12-cv-03733-EJD, in the U.S. District Court for the Northern District of California (San Jose) | Amazon's (i) web applications and software including, but not limited to, those maintained on servers located in and/or accessible from the United States under the control of Amazon that transmit and display information and that are made available to users through web pages, including, without limitation, web applications and software (such as www.amazon.com and/or other web applications and software); and/or (ii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing | • U.S. Patent No. 6,687,745, "System and method for delivering a graphical user interface of remote applications over a thin bandwidth connection"<br>• U.S. Patent No. 7,502,838, "System and method for delivering remotely stored applications and information" |
| *Cyberfone Systems LLC v. Amazon.com, Inc.*, et al., Case No. 1:11-cv-00834-SLR, in the U.S. District Court for the District of Delaware (Wilmington) | Amazon's form-driven systems for entering transaction data into a remote database, including, but not limited to, Amazon's Kindle e-Reader systems. | • U.S. Patent No. 5,805,676,"Telephone/transaction entry device and system for entering transaction data into databases"<br>• U.S. Patent No. 5,987,103, "Telephone/Transaction Entry Device and System for Entering Transaction Data Into Databases"<br>• U.S. Patent No. 6,044,382, "Data Transaction Assembly Server" |
| *Digital Reg of Texas, LLC v. Sony Corporation of America, et al.*, Case No. 6:07-cv-00467-LED, in the Eastern District of Texas (Tyler) | Audible's digital content incorporating DRM technology provided on Audible's website, http://audible.com, and through its Audible Manager | U.S. Patent No. 6,389,541, "Regulating Access to Digital Content" |

12

July 3, 2013                                  Respectfully submitted,


<u>/s/ Todd Kennedy  (with permission by Charles Ainsworth)</u>
Adam J. Gutride
Seth A. Safier
Todd Kennedy
Marie A. McCrary
GUTRIDE SAFIER LLP
835 Douglass Street
San Francisco, California 94114
Telephone: (415) 789-6390
Facsimile: (415) 449-6469
adam@gutridesafier.com
seth@gutridesafier.com
todd@gutridesafier.com
marie@gutrsidesafier.com

Victoria L.H. Booke
Peter Ajlouny
BOOKE & AJLOUNY LLP
606 North First Street
San Jose, California 95112
Telephone: (408) 286-7000
Facsimile: (408) 286-7111
vbooke@gmail.com
peter@bookelaw.com

Charles Ainsworth
Chris Bunt
PARKER BUNT & AINSWORTH
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Facsimile: (903) 533-9687
charley@pbatyler.com
chris@pbatyler.com

Attorneys for Plaintiff Innovative Automation LLC

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), Todd Kennedy, Marie McCrary and Charles Ainsworth (local counsel) conferred with Dan Davison and Paul Dyson, counsel for Defendants, via telephone on July 2, 2013, regarding the discovery dispute addressed in the instant motion to compel. Defendants refused to produce the documents and requests sought by Plaintiff. With respect to the Highly Relevant Documents category, the Defendants argued that the accused technology is too different from the technology at issue in this case, and that it would be unduly burdensome to produce the requested documents. Defendants stated that they would continue to consider the extent to which they are willing to produce deposition transcripts, but they stated that Plaintiff should identify the specific witnesses whose transcripts are sought. With respect to the Relevant Documents category, Defendants stated that the discovery requests served on them in the prior cases are not discoverable because they are not Defendants' business records. Defendants stated that Plaintiff should seek those requests by serving third party subpoenas on the parties who served them. Plaintiff offered to compromise by agreeing to initially seek only the production of document *requests* from both categories of lawsuits, but the Defendants rejected the offer. The parties failed to resolve their differences. Accordingly, the parties are at an impasse, leaving an open issue for the Court to resolve.

Dated: **July 3, 2013**         /s/ Todd Kennedy
Todd Kennedy
GUTRIDE SAFIER LLP
835 Douglass Street
San Francisco, California 94114
Telephone: (415) 789-6390
Facsimile: (415) 449-6469
todd@gutridesafier.com

        /s/ *Charles Ainsworth*
        Charles Ainsworth
        PARKER BUNT & AINSWORTH
        100 E. Ferguson, Suite 1114
        Tyler, Texas 75702
        Telephone: (903) 531-3535
        Facsimile: (903) 533-9687
        charley@pbatyler.com

**CERTIFICATE OF SERVICE**

    The undersigned certifies that, on **July 3, 2013**, the foregoing document was served via the Court's electronic filing system on all counsel of record.

Dated: **July 3, 2013**
        /s/ *Charles Ainsworth*
        Charles Ainsworth
        PARKER BUNT & AINSWORTH
        100 E. Ferguson, Suite 1114
        Tyler, Texas 75702
        Telephone: (903) 531-3535
        Facsimile: (903) 533-9687
        charley@pbatyler.com