IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **INNOVATIVE AUTOMATION, LLC** | § | |
| Vs. | § | **CIVIL ACTION NO. 6:12CV881** |
| **AMAZON.COM, INC.,** *et al.* | § | **LEAD CASE** |

## ORDER

On April 17, 2013, the above-styled lawsuit was consolidated with Innovative Automation, LLC v. Spotify USA, Inc., Civil Action No. 6:12-CV-883, for pretrial issues, with the exception of venue. All pretrial matters were referred to the undersigned on August 15, 2013, in accordance with 28 U.S.C. § 636 and General Order 13-13. Previously, on June 24, 2013, Innovative Automation, LLC ("Innovative") filed a Motion to Compel Inspection of Accused Instrumentality of On-Demand Publishing LLC d/b/a Createspace (Document No. 48). Innovative additionally filed a Motion to Compel Document Production From Defendants (Document No. 49) on July 3, 2013. Having considered the parties' written submissions, the Court **DENIES** both motions without prejudice as further discussed below.

## BACKGROUND

Innovative filed suit on November 16, 2012, alleging that Defendants infringed U.S. Patent No. 7,174,362 (the "'362 Patent") and U.S. Patent No. 7,392,283 (the "'283 Patent") (collectively, the "Patents-in-Suit"). The Patents-in-Suit are entitled "Method and System for Supplying Products From Pre-Stored Digital Data in Response to Demands Transmitted Via Computer Network." The Patents-in-Suit describe inventions that "relat[e] to a method and system of taking customer requests and writing the requested digital data onto various digital

recording media, such as CD-ROMs, CDs, mini-CDs, or DVDs." *See* "Summary" for Patents-in-Suit.

In its Motion to Compel Inspection of Accused Instrumentality of On-Demand Publishing LLC d/b/a Createspace, Innovative seeks to compel an on-site inspection of the CD and DVD duplication product and service at On-Demand Publishing LLC d/b/a Createspace ("On-Demand"). Innovative requests that it be permitted to enter On-Demand's facility in North Charleston, South Carolina to inspect, photograph, and video tape the CD and DVD duplication product and service.

Innovative's Motion to Compel Document Production From Defendants additionally seeks to compel the production of discovery documents from prior litigation involving the Accused Products that are accused of infringing the Patents-in-Suit. For the lawsuits deemed "highly relevant" by Innovative,[1] it seeks the production of: (1) all discovery responses served by Defendants, including initial disclosures, responses to requests for admission, responses to interrogatories, and responses to requests for production; (2) all deposition notices served on Defendants; (3) all documents produced by Defendants; (4) all non-public briefs filed by Defendants (including declarations and all exhibits); and (5) all transcripts of depositions and in-court testimony of Defendants' witnesses, including Defendants' employees, officers, and independent contracts. For the lawsuits deemed by Innovative as "relevant lawsuits,"[2] it seeks

---

[1] The "highly relevant lawsuits" identified by Innovative allegedly involve the same data duplication features of the Accused Products and include: *GPNE Corp. v. Amazon.com, Inc., et al*., Case No. 1:11cv426, in the U.S. District Court for the District of Hawaii; *GPNE Corp. v. Amazon.com, Inc., et al*., Case No. 5:12cv3055, in the U.S. District Court for the Northern District of California; *Sharing Sound, LLC v. Amazon.com, Inc.*, Case. No. 2:10cv155, in the U.S. District Court for the Eastern District of Texas; *Patent Harbor, LLC v. On-Demand Publishing LLC*, Case No. 6:11cv538, in the U.S. District Court for the Eastern District of Texas.

[2] The "relevant lawsuits" identified by Innovative allegedly involve the same Accused Products, but not necessarily the same data duplication features, and include: *Alcatel-Lucent USA Inc. v. Newegg Inc., et al*., Case No. 6:09cv422, in the U.S. District Court for the Eastern District of Texas; *Bedrock Computer Tech., LLC v. AOL LLC, et al.,* Case No. 6:09cv269, in the U.S. District Court for the Eastern District of Texas; *B.E. Tech., L.L.C. v. Amazon Digital Services, Inc.*, Case No. 2:12cv2767, in the U.S. District court for the Western District of Tennessee; *Droplets, Inc. v.*

the production of all discovery requests served on Defendants, including requests for admission, interrogatories, requests for production, and deposition notices.

## ANALYSIS

Courts, for good cause, may order discovery on any matter relevant to the subject matter in the lawsuit. FED. R. CIV. P. 26(b)(1). Relevant matters include information that is inadmissible at trial if the discovery appears "reasonably calculated to lead to the discovery of admissible evidence." *Id*. The party requesting discovery may move to compel the disclosure of any materials requested so long as such discovery is relevant and otherwise discoverable. *See* FED. R. CIV. P. 37; *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D.Tex. Oct. 20, 2006) ("[R]ule 37(a) empowers the court to compel the production of documents . . . upon motion by the party seeking discovery."). The moving party bears the burden of clearly showing that the materials and information sought are relevant to the action and will lead to the discovery of admissible evidence. *Id*. at 263.

**Motion to Compel Inspection**

In its motion, Innovative asserts that the requested site inspection is permitted pursuant to FED. R. CIV. P. 34. On-Demand points out, however, that Innovative did not serve a request in accordance with FED. R. CIV. P. 34. Instead, Innovative sent a draft of a request. Pursuant to FED. R. CIV. P. 37(a)(3), a motion to compel is appropriate after "a party fails to respond that inspection will be permitted---or fails to permit inspection---as requested under Rule 34."

In addition, Innovative moved to compel a site inspection prior to the P.R. 3-4 production

---

*Amazon.com, Inc., et al.*, Case No. 2:11cv392, in the U.S. District Court for the Eastern District of Texas; *Droplets, Inc. v. Amazon.com, Inc., et al.*, Case No. 5:12cv3733, in the U.S. District Court for the Northern District of California; *Cyberfone Systems LLC v. Amazon.com, Inc., et al.*, Case No. 1:11cv834, in the U.S. District Court for the District of Delaware; *Digital Reg of Texas, LLC v. Sony Corporation of America, et al.*, Case No. 6:07cv467, in the U.S. District Court for the Eastern District of Texas.

of technical documents. Innovative has not addressed why or to what extent the technical documents are insufficient, such that a site inspection is warranted in this case.

Finally, On-Demand, together with Defendant Amazon.com, Inc., recently filed a letter brief requesting an early summary judgment. Defendants contend that an early summary judgment on their defenses of release, covenant not to sue and patent exhaustion will resolve all claims against On-Demand and all claims related to Amazon.com's use of On-Demand's services.

In light of Innovative's failure to serve a request pursuant to FED R. CIV. P. 34, Innovative's failure to address any alleged deficiency in the P.R. 3-4 production of technical documents warranting a need for a site inspection, and the potential issues related to Defendants' assertion that Innovative's claims have been released, the Motion to Compel Inspection is **DENIED** without prejudice to refiling after Innovative makes a proper request under Rule 34 and conducts a meaningful review of the technical documents produced by On-Demand pursuant to P.R. 3-4.

**Motion to Compel Document Production**

Having reviewed the motion, response and reply briefs, Innovative has not met its burden of showing that the materials sought---discovery responses and requests from lawsuits involving different patents---are relevant to this action or will lead to the discovery of admissible evidence. Moreover, Innovative is prematurely seeking to compel document production before receiving and reviewing documents disclosed pursuant to the Discovery Order entered in this case and in accordance with the Local Patent Rules. The Motion to Compel Document Production is **DENIED** without prejudice to refiling after Innovative conducts a meaningful review of

documents disclosed pursuant to the Discovery Order and in accordance with the Local Patent Rules.

## CONCLUSION

For the reasons assigned above and after due consideration, it is hereby

**ORDERED** that the Motion to Compel Inspection of Accused Instrumentality of On-Demand Publishing LLC d/b/a Createspace (Document No. 48) and the Motion to Compel Document Production From Defendants (Document No. 49) are **DENIED**. Defendants' Request for Sanctions is **DENIED**.

So ORDERED and SIGNED this 13th day of November, 2013.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE